**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR JOE NEFF, | : | CIVIL ACTION NO. **3:CV-12-1752** |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF PA, *et al.*, | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 27, 2012, Petitioner Victor J. Newf., who is on parole under supervision of the Pennsylvania Board of Probation and Parole, in Lancaster, Pennsylvania, filed a habeas corpus petition, pursuant to 28 U.S.C. § 2254, in the Eastern District of Pennsylvania. (Doc. 1). Petitioner's case was transferred to the Middle District of Pennsylvania since he was challenging his conviction and sentence imposed by the Dauphin County Court of Common Pleas for violation of Megan's Law. (Doc. 3). After this case was transferred to the Middle District of Pennsylvania, on September 17, 2012, we issued a Show Cause Order on Respondents directing them to respond to Petitioner's habeas petition in 20 days. (Doc. 7).

On September 27, 2012, Respondent Dauphin County District Attorney filed a Motion to File a Partial Answer to the habeas petition based on his contention that the habeas petition was not timely filed under the AEDPA. (Doc. 8). On October 1, 2012, we issued an Order and directed as follows:

1. Respondent's Motion **(Doc. 8)** is **GRANTED**.

2. Respondent shall file a partial answer addressing the issues of the application of the statute of limitations to the Petition for Writ of Habeas Corpus within thirty (30) days of the date of this Order.

3. The partial answer shall be accompanied by a Brief in Support thereof and any part of the state court record necessary for the Court's consideration of the issues.

4. Petitioner Newf. may file an Opposition Brief to Respondent's Brief on the timeliness issue within fifteen (15) days after he is served with Respondent's Brief.

5. If the Petition is deemed timely, Respondent shall then have thirty (30) days to file an answer and Brief in Support and any other related documents with respect to the merits of Petitioner's claims as directed by the Court's original Show Cause Order.

6. Petitioner may file a Traverse within fifteen (15) days after being served with Respondent's Brief on the merits of his claims.

(Doc. 9).

On October 4, 2012, Petitioner filed a Response to Respondent's Doc. 8 Motion with an exhibit in which he contends that Respondent should be directed to comply with the Court's Show Cause Order and respond to the merits of his habeas petition. (Doc. 10). We issued an Order on October 5, 2012, and fully considered Petitioner's Doc. 10 Response to Respondent's Doc. 8 Motion. (Doc. 12). We did not find that Petitioner's Doc. 10 Response altered our Doc. 9 Order. We stated that prior to addressing the merits of Petitioner's habeas claims, we agreed with

Respondent that Court should examine Petitioner 's state court records along with the filing dates thereof[1] and that the Court should then determine if the Petitioner's habeas petition was timely filed under the AEDPA.[2]  Thus, we stated in our October 5, 2012 Order that we would  not modify our Doc. 9 Order.  On October 9, 2012, Petitioner filed a 3-page Objection to our October 1, 2012 Order.  (Doc. 13).  On October 12, 2012, we denied Petitioner 's Objections to our October 1, 2012 Order.  (Doc. 14).

A response was filed by Respondents on October 26, 2012, arguing that Petitioner failed to file the Petition for Writ of Habeas Corpus within the one year time limitation and that the history of this case does not support equitable tolling.  (Doc. 15).  Petitioner did not file a Traverse.  Thus, Petitioner's habeas petition is ripe for disposition on the timeliness issue.

In his habeas petition, Petitioner alleges that he has been illegally imprisoned and that his Due Process rights have been violated.  (Doc. 1, p. 6).

---

[1]The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run. *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).  Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period.  28 U.S.C. § 2244(d)(2); *Merritt, supra.*

[2]The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard.  *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005);  *Day v. McDonough*, 126 S.Ct. 1675, 1683 (2006).  We thus are giving Petitioner notice and an opportunity to be heard regarding whether his habeas petition is timely and whether his claims have been exhausted.

## II. State Procedural Background.

On October 1, 2012, Petitioner was sentenced to three (3) to six (6) years in prison by the Dauphin County CCP (CP-22-CR-0003632-2008) [3] , for failure to comply with Megan's Law requirements. (*Id.*, Doc. 15-2, Ex. A). As discussed below, the applicable period in the instant matter is November 24, 2009, since Petitioner 's state court conviction became final on November 24, 2008 when the thirty day deadline for seeking review in the Superior Court of Pennsylvania expired. *See* 42 Pa. C.S.A. § 5571(b). *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702. Petitioner did not file an appeal with the Superior Court. (*See* CP-22-CR-0003632-2008).

On February 8, 2011, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition with the CCP. (*Id.*). On March 9, 2011, the PCRA court appointed counsel to assist Petitioner with his PCRA. (*Id.*). On June 20, 2011, Petitioner's counsel filed a supplemental PCRA petition. (*Id.*). On June 28, 2011, the Commonwealth filed an answer to the supplemental PCRA petitioner arguing that the petition should be dismissed as untimely and the underlying issues were without merit. (Doc. 15, p. 3). On July 13, 2011, the PCRA court gave notice of its intent to dismiss Petitioner's PCRA Petition. (*See* CP-22-CR-0003632-2008).

On August 9, 2011, Petitioner asked the court to remove his PCRA counsel. (*Id.*). On August 16, 2011, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania *pro se* appealing the PCRA court's notice of intent to dismiss. (*Id.*). On October 5, 2011, the Superior

---

[3] We obtained an updated copy of Petitioner's CCP Criminal Docket Sheet at http://ujsportal.pacourts.us. We take judicial notice of Petitioner's CCP docket Sheet. We used Petitioner's CCP Docket Sheet to verify dates.

Court of Pennsylvania issued an order to show cause as to why Petitioner's appeal should not be quashed for appealing from the interlocutory order of July 13, 2011. (Doc. 15-2, Ex. B). Petitioner did not file a response, therefore, on October 26, 2011, the Superior Court of Pennsylvania quashed Petitioner's appeal. (*Id*.). After the record was remitted back to the PCRA court, on February 2, 2012, the PCRA court formally dismissed Petitioner's PCRA petition. (*See* CP-22-CR-0003632-2008 Doc. 15-2, Ex. A). Petitioner did not appeal the order. (*Id*.). Subsequently, on June 27, 2012, Petitioner filed the instant habeas petition. (Doc. 1).

## III. Claims of Habeas Petition.

In his June 27, 2012 Habeas Petition, Petitioner raises the following grounds:

A. WEATHER (sic) OR NOT THE PETITIONER IS ILLEGALLY IMPRISONED

B. WEATHER (sic) THE COMMONWEALTH, IN THE PERSON OF DAUPHIN COUNTY ASSISTANT DISTRICT ATTORNEY JASON E. MCMURRAY, DELIBERATELY PERPETRATED A FRAUD ON THE PCRA COURT.

C. WHO IS RESPONSIBLE FOR THE INORDINATE DELAY IN THIS CASE AND SHOULD BE SANCTIONED BY THIS HONORABLE COURT.

(Doc. 1, p. 5).

## IV. Standard of Review.

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme]

6

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

As our October 1, 2012 Order indicates, the Court will first determine if the Petitioner's habeas petition is timely and if equitable tolling applies. (Doc. 9). As we indicated, if the Court finds the habeas petition to be timely or finds that equitable tolling applies, both Respondents and Petitioner will be given time to file a Response and Traverse with respect to the merits of the habeas claims. (*Id*.).

**V. Discussion.**

 *A. Timeliness*

 The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

 (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

 *Rhodes v. Winstead*, Slip Copy, 2010 WL 936763, at *16 (W.D.Pa., 2010) states:

 Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgement became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

 The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period

8

in the instant matter is November 24, 2009 since Petitioner 's state court conviction became final on November 24, 2008, when the thirty day deadline for seeking review in the PA Superior Court expired. *See* 42 Pa. C.S.A. § 5571(b). *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702.

Thus, Petitioner had until November 24, 2009, in addition to any time during which the statute of limitations ("SOL") was tolled, to file his §2254 habeas petition in a timely manner. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2. Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2)[4]; *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

However, it does not appear as though Petitioner 's February 9, 2011 PCRA Petition would toll the statute of limitations with respect to Petitioner 's §2254 habeas petition since untimely PCRA Petitions are not "properly filed" for purposes of the AEDPA statute of limitations. *Fletcher v. Lawlor*, 2011 WL 1288689, *3. Petitioner's PCRA Petition was filed after the expiration of the AEDPA statute of limitations, and thus, it did not toll an already expired statute of limitations. *Id.* Eight hundred and six (806) days of non-tolled time elapsed prior to the filing of Petitioner's PCRA petition, therefore it was filed over two years late. Accordingly, we find that Petitioner's one-year AEDPA statute of limitations has expired and shall recommend that this Habeas Petition be dismissed as untimely, unless the statute of limitations is found to have been equitably tolled.

---

[4]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

*B. Equitable Tolling*

We now discuss whether equitable tolling applies in this case.

Respondents argue that Petitioner has never exhibited that he has been actively misled by Respondents and the record reflects no basis for the argument. (Doc, 16, p. 7). Furthermore, Respondents argue that Petitioner's rights were not prevented in an extraordinary manner and Petitioner has never asserted his rights in the wrong forum, thus, there is no basis for equitable tolling. (*Id.*). We agree with this contention. Petitioner has not provided a response to the statute of limitations or equitable tolling issues or any evidence to the contrary. We find that the Court can decide if the principles of equitable tolling apply to toll Petitioner's AEDPA statute of limitations regarding his instant §2254 habeas petition and, that if the Court finds no basis for equitable tolling, it can dismiss this habeas petition as time-barred. *See also Fletcher v. Lawlor*, 2011 WL 1288689, *3-*4; 2011 WL 1880983.

In *Starkey v. Cameron*, 2010 WL 5575288, *3 (E.D. Pa. 12-23-10), the Court stated:

> The Supreme Court has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. *See Holland v. Florida,* --- U.S. ----, ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Miller,* 145 F.3d at 618. In particular, a petitioner " 'is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphasis added); *see also Lawrence v. Florida,* 127 S.Ct. 327, 1085 (2007) (quoting *Pace,* 125 S.Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way") (emphasis added); *Merritt,* 326 F.3d at 168 (citing *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944,

122 S.Ct. The law is clear that courts must be sparing in their use of equitable tolling." *See Jones,* 195 F.3d at 159 (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999)) (emphasis added).

See *Albritton v. Sauers*, 2011 WL 4402138 (M.D. Pa. 9-2-11) adopted by 2011 WL 4434261 (M.D. Pa. 9-22-11). *See also Smith v. Harlow*, 2011 WL 7040782 (M.D. Pa. 12-20-2011) adopted by 2012 WL 123145 (M.D. Pa. 1-17-12).

The two elements of equitable tolling, are: 1) due diligence, and 2) extraordinary circumstances, and their dependence on the characteristics of the prisoner in the particular case. *Pabon v. Superintendent, SCI Mahanoy*, 654 F.3d 385 (3rd Cir. 2011).

In *Pabon v. Mahanoy*, 654 F.3d 385 (3rd Cir. 2011), the Third Circuit Court recently stated:

> In determining whether equitable tolling should be granted, we address two questions: (1) whether the petitioner faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Merritt v. Blaine,* 326 F.3d 157, 168 (3d Cir.2003) (same). In *Holland v. Florida* the Supreme Court confirmed that equitable tolling may be applied to AEDPA's statutory limitations period. ⸺ U.S. ⸺, ⸺, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)FN20.
> There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. *Id.* at 2563. As *Holland* explains, while prior decisions provide guidance, rigid reliance on precedent should be avoided. *Id.* In each case, there is a need for "flexibility," "avoiding 'mechanical rules,' " and "awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* (internal citation omitted). FN21
> In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period

unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted).

In *Pabon*, the Third Circuit Court found that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Id.* at *13. The *Pabon* Court noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary is unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Id.*

As the Court in *Musgrove v. Filion*, 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002), stated, "[t]he doctrine of equitable tolling is proper only in the 'rare and exceptional circumstances.' To invoke the doctrine, a petitioner must show that:

> (1) 'extraordinary circumstances prevented him from filing his petition on time;' and (2) he 'acted with reasonable diligence throughout the period he seeks to toll'." (Internal citations omitted).

Further, mere excusable neglect is not sufficient for a Petitioner to be entitled to equitable tolling, where he must show he exercised reasonable diligence in investigating and bringing his claims. *See Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-619 (3d Cir.1998); *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.2003)).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable tolling, unlike statutory tolling, does not

shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. (*Id.*).

"The United States Court of Appeals for the Third Circuit has suggested that one month is a sufficient period of time for a petitioner to file a pro se habeas petition. *Mitchell v. Beard*, Slip Copy, 2010 WL 1135998 (E.D.Pa., 2010) (*citing Brown*, 322 F.3d at 774). The Third Circuit has held that eleven months is an unreasonable time to wait to file a habeas corpus petition, *Walker*, 56 Fed.Appx. at 582 n. 5 (*Id.*).

We must look to the dismissal of the instant Habeas Corpus Petition to see if the equitable tolling doctrine should be invoked in this case. *Musgrove, supra*.

In this case, the Petitioner is clearly out of time, as discussed, since he did not file his present federal Habeas Petition until June 27, 2012. (Doc. 1). The Petitioner failed to timely file his present Habeas Petition since more than two (2) years ran on his AEDPA SOL before he filed it. We do not find extraordinary circumstances in this case which prevented the Petitioner from filing a timely habeas petition. Petitioner does not give any reasons for the delay in filing his Habeas Petition. Nor does Petitioner show any reason for the delay or any extraordinary circumstances which prevented him from filing. Petitioner's Habeas Petition was filed one thousand three hundred eleven (1311) non-tolled days after the statute of limitations began to run. Petitioner has not shown any extraordinary circumstances which prevented him from timely filing his habeas petition.

Petitioner offers no reason which would justify equitable tolling. Petitioner does not submit any documents to support his entitlement to equitable tolling. *See* Docket, *generally*. Furthermore, Petitioner filed his PCRA petition eight hundred six (806) after the statute of limitations began to run and Petitioner does not offer an explanation for that extraordinary delay.

Moreover, as stated, there is simply no claim by Petitioner that he was actively misled or that he timely asserted his rights in the wrong forum. In *Hubley v. Superintendent*, *SCI Camp Hill*, 57 Fed. Appx. 927, 2003 WL 77260 at * 6 (3d Cir.), the Court stated that:

> "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Id.* (Quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)). The "petitioner must 'show that he or she exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient." *Robinson v. Johnson*, 313 F.3d 128,142 (3d Cir. 2002) (quoting *Miller*, 145 F.3d at 618-19 (internal quotations omitted)).

Respondents' contend that Petitioner fails to show that he has been acting diligently and fails to provide an extraordinary circumstance that would support equitable tolling. (Doc. 16, p. 7).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the

deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. (*Id.*).

Based on the above, we find that Petitioner has failed to show extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair." *Miller,* 145 F. 3d at 618. We find that equitable tolling of the AEDPA statute of limitations is not warranted in this case.

Thus, we do not find that extraordinary circumstances prevented Petitioner from timely filing his Habeas Petition within the AEDPA statute of limitations. We find that Petitioner Habeas Petition is untimely and should be dismissed pursuant to 28 U.S.C. §2244(d)(1)(A).

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** be dismissed as untimely.




s/ Thomas M. Blewitt<br>
**THOMAS M. BLEWITT**<br>
**United States Magistrate Judge**

**Dated: January 3, 2013**

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

VICTOR JOE NEFF.,            :CIVIL ACTION NO. **3:CV-12-1752**
                                      :

          Petitioner         :          (Judge Munley)
                                        :

          v.                :         (Magistrate Judge Blewitt)
                                        :

COMMONWEALTH OF PA, *et al.*,    :
                                        :

          Respondents      :

...................................................................................................................................

## NOTICE

     **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 3, 2013.**

     Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.


                                           **s/ Thomas M. Blewitt**

_____    **THOMAS M. BLEWITT**
                                           **United States Magistrate Judge**


**Dated: January 3, 2013**