**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR JOE NEFF,** | : | **No. 3:12cv1752** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| **THE DAUPHIN COUNTY** | : | |
| **COMMON PLEAS COURT, et al.** | : | |
| **and DAUPHIN COUNTY** | : | |
| **DISTRICT ATTORNEY'S** | : | |
| **OFFICE,** | : | |
| **Respondents** | : | |

**MEMORANDUM**

Before the court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation, (Doc. 17), which recommends the dismissal of Petitioner Victor Joe Neff's (hereinafter "petitioner") habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner filed objections to the Report and Recommendation, (Doc. 18), making this case ripe for disposition.

**Background**[1]

---

[1] The instant petition filed pursuant to § 2254 contains two exhibits–Exhibit A, petitioner's request for "Extraordinary Relief" filed with the Pennsylvania Supreme Court, and Exhibit B, the Pennsylvania Supreme Court's May 23, 2012 Order. The court notes that petitioner's first exhibit contains twenty-one exhibits, lettered A through U. Many of these sub-exhibits are relevant to the instant petition, and the court will cite them accordingly (e.g. sub-exhibit E of petitioner's exhibit A will simply be cited as "Ex. A-E").

**Underlying State Court Conviction and Sentencing**

Petitioner, a convicted child molester in the State of Indiana, moved into the Commonwealth of Pennsylvania and was arrested for failing to comply with Pennsylvania's Megan's Law registration requirements. (Doc. 15-2, Ex. A, Dauphin Cnty. Docket No. CP-22-CR0003682-2008 (hereinafter "Cnty. Docket"); Doc. 1-2, Ex. A-P, Marion Cnty. Court's Resp. & Order). On October 23, 2008, petitioner appeared before the Honorable Scott A. Evans of the Court of Common Pleas of Dauphin County and pled guilty to violating 18 PA. CONS. STAT. ANN. §§ 4915(a)(1) (failure to register with the State Police) and (a)(2) (failure to verify residence or be photographed). (Cnty. Docket). Judge Evans sentenced petitioner to three (3) to six (6) years in prison. (Id.) Petitioner did not file a direct appeal with the Superior Court. (Id.)

**State Court Post Conviction Relief Act Petition**

On February 8, 2011, petitioner filed a Post Conviction Relief Act (hereinafter "PCRA") Petition with the Court of Common Pleas of Dauphin County. (Id.) Approximately one month later, on March 9, 2011, Judge Evans appointed Attorney Bryan DePowell to assist petitioner.[2] (Id.) Prior to filing

_____

[2] Judge Evans' March 9, 2011 Order as well as the docket sheet indicate that Attorney Justin McShane was appointed to petitioner's PCRA case. (See Cnty. Docket; Doc. 1-1, Ex. A-E, Order dated Mar. 9, 2011). However, Attorney DePowell, a lawyer with the McShane Firm, actually represented petitioner. (See Doc. 1-1, Ex. A-F, Letter from DePowell to Neff

an amended PCRA petition, Attorney DePowell corresponded with petitioner and explained the difficulties presented by the untimeliness of his PCRA petition. (Doc. 1-1, Ex. A-F, Letter from DePowell to Neff dated June 7, 2011).  On June 20, 2011, Attorney DePowell filed a supplemental PCRA Petition on behalf of the petitioner.  (Cnty. Docket).  In this supplemental petition, Attorney DePowell addressed the timeliness of the petition and argued, in part, that the court should deem petitioner's PCRA claim as timely pursuant to 42 PA. CONS. STAT. ANN. § 9545(b)(1) because the facts predicating petitioner's claim were unknown to him until recently and these facts could not have been ascertained with the exercise of due diligence. (See Doc. 1-1, Ex. A-G, Supplemental PCRA Pet.).

On June 28, 2011, the Commonwealth answered the supplemental petition, asserting that the petition should be dismissed because "it is untimely and no exception to the timeliness requirements apply and the underlying claims are without any merit."  (Doc. 1-2, Ex. A-H, Answer).  On July 13, 2011, Judge Evans issued an order providing petitioner with notice of the court's intent to dismiss the PCRA petition.  (Doc. 1-2, Ex. A-K, Order dated July 13, 2011).  Judge Evans granted petitioner twenty days to respond.  (Id.)

Subsequent to Judge Evans' July 13, 2011 Order, petitioner dismissed

---

dated June 7, 2011; Ex. A-G, Supplemental PCRA Pet.).

Attorney DePowell.  (Doc. 1-2, Ex. A-I, Letter from Neff to DePowell dated Aug. 2, 2011).  Petitioner did not file a response to Judge Evans' notice of dismissal, rather, on August 12, 2011, he filed a pro se notice of appeal to the Superior Court of Pennsylvania despite the fact that Judge Evans had yet to enter a final order of dismissal.  (Cnty. Docket; Doc. 1-2, Ex. A-N, Notice of Appeal; Doc. 1-2, Ex. A-S, Mem. Statement).  On October 5, 2011, the Superior Court of Pennsylvania issued an order to show cause as to why petitioner's appeal should not be quashed as having been taken from an interlocutory order.  (Doc. 15-2, Ex. B, Superior Ct. Docket No. 1478 MDA 2011 (hereinafter "Superior Ct. Docket")).  Petitioner failed to respond to the Superior Court's order to show cause within the time allotted, and on October 26, 2011, the Superior Court quashed petitioner's appeal and remanded the matter to the Dauphin County Court of Common Pleas.  (Id.)

Although his PCRA petition was remanded, petitioner nonetheless filed a "Writ of Extraordinary Relief" with the Supreme Court of Pennsylvania on December 13, 2011.  (Doc. 1, Ex. A, Writ of Extraordinary Relief).  On February 2, 2012, while the petition for extraordinary relief was pending before the Supreme Court, Judge Evans, having received no formal objections to his July 13, 2011 notice, formally dismissed petitioner's PCRA petition.  (Cnty. Docket).  Petitioner did not appeal this decision to the

4

Superior Court of Pennsylvania.  (Id.)  Subsequently, on May 23, 2012, the

Supreme Court denied petitioner's writ for extraordinary relief.  (Doc. 1-2, Ex.

B, Pa. Sup. Ct. Order).

**Federal Habeas Corpus Petition Under 28 U.S.C. § 2254**

On June 27, 2012, Petitioner filed the instant habeas corpus petition

pursuant to 28 U.S.C. § 2254 in the Eastern District of Pennsylvania.  (Doc.1,

Habeas Corpus Pet. under 28 U.S.C. § 2254 (hereinafter "HC Pet.")).

Petitioner generally alleges that his continued imprisonment violates

Pennsylvania law as well as his constitutional due process rights.[3]  This case

was transferred to the Middle District of Pennsylvania on September 4, 2012

because the habeas petition challenges a conviction imposed by the Dauphin

County Court of Common Pleas.  (Doc. 3, Report & Recommendation dated

_____

[3] Petitioner identified the following issues in his habeas corpus petition:

A.    WEATHER [sic] OR NOT THE PETITIONER IS ILLEGALLY
       IMPRISONED.

B.    WEATHER [sic] THE COMMONWEALTH, IN THE PERSON
       OF DAUPHIN COUNTY ASSISTANT DISTRICT
       ATTORNEY JASON E. MCMURRAY, DELIBERATELY
       PERPETRATED A FRAUD ON THE PCRA COURT.

C.    WHO IS RESPONSIBLE FOR THE INORDINATE DELAY
       IN THE CASE AND SHOULD BE SANCTIONED BY THIS
       HONORABLE COURT.

(HC Pet. at 5).

July 11, 2012; Doc. 4, Order dated Aug. 1, 2013; Doc. 5, Transfer Notice).

On September 17, 2012, Magistrate Judge Blewitt issued a show cause order on the respondents, directing them to respond to petitioner's habeas petition. (Doc. 7, Order dated Sept. 17, 2013). On September 27, 2012, Respondent Dauphin County District Attorney's Office (hereinafter "respondent") filed a motion for leave to file a partial answer to the instant petition based upon its contention that the petition was not timely. (Doc. 8, Resp't Mot. to File Partial Answer). Judge Blewitt granted respondent's motion.[4] Petitioner filed a response to respondent's motion to file a partial answer as well as formal objections to Judge Blewitt's October 1, 2012 Order. (Doc. 10, Pet'r Resp.; Doc. 13, Statement of Objections). Judge Blewit fully

_____

[4] In his October 1, 2012 Order, Judge Blewitt specifically directed the parties as follows:

2.     Respondent shall file a partial answer addressing the issues of the application of the statute of limitations to the Petition for Writ of Habeas Corpus within thirty (30) days of the date of this Order.

3.     The partial answer shall be accompanied by a Brief in Support thereof and any part of the state court record necessary for the Court's consideration of the issues.

4.     Petitioner Neff may file an Opposition Brief to Respondent's Brief on the timeliness issue within fifteen (15) days after he is served with Respondent's Brief.

(Doc. 9, Order dated Oct. 1, 2012).

considered petitioner's response and objections, neither of which persuaded him to change the previously issued order.  (Doc. 12, Order dated Oct. 5, 2012; Doc. 14, Order dated Oct. 12, 2012).

On October 26, 2012, respondents filed a partial response and a brief in support thereof asserting that petitioner failed to file the petition within the appropriate limitations period and that this case does not present facts that would support equitable tolling.  (Doc. 15, Resp't Partial Answer; Doc. 16, Resp't Br. in Supp. of Partial Answer).  Petitioner failed to file an opposition brief within the time permitted.  On January 3, 2013, Judge Blewitt issued a Report and Recommendation in which he concluded that the petition is untimely and not subject to equitable tolling.  (Doc. 17, Report & Recommendation dated Jan. 3, 2013 (hereinafter "R&R")).  On January 16, 2013, plaintiff filed a objections to Judge Blewitt's Report and Recommendations,[5] (Doc. 18, Pet'r Objections (hereinafter "Objections")), thus bringing this case to its current posture.

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's Report and

---

[5] The court notes that petitioner's objections are by and large pejorative in tone (e.g. petitioner characterizes this court as a "faithful dog" that blindly follows the misrepresentations of the Commonwealth's counsel).  (See Doc. 18, Pet'r Objections at 2).  Notwithstanding petitioner's commentary, the court will focus on the few legal arguments contained in the objections.

Recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**DISCUSSION**

The Report and Recommendation suggests that petitioner's habeas corpus petition was not timely and that the doctrine of equitable tolling does not apply. Petitioner agrees that his petition was not filed within the one-year limitations period, but he asserts that the doctrine of equitable tolling precludes dismissal of his petition. After careful consideration, the court agrees with the Report and Recommendation. Petitioner's objections will be overruled, the Report and Recommendation will be adopted and petitioner's habeas corpus petition will be dismissed.

**A. Timeliness under the AEDPA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), governs the time limitations for filing a § 2254 habeas petition and provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  "[A]n individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for a writ of habeas corpus within one year of 'the date in which the judgment became final by the conclusion of direct review or the expiration of time seeking such review.'"  Rhodes v. Winstead, No. 2:05cv1515, 2010 WL 936763, at *16 (W.D. Pa. Mar. 9, 2010) (quoting 28 U.S.C. § 2244(d)(1)(A)).

In the instant case, Judge Blewitt found that petitioner's state court conviction became final on November 24, 2008–the date on which the thirty day deadline to file a direct appeal to the Pennsylvania Superior Court expired. (R&R at 9). Thus, Judge Blewitt identified, pursuant to 28 U.S.C. § 2244(d)(1)(A), that petitioner had until November 24, 2009 to file a § 2254 habeas corpus petition. (Id. at 8-9). The instant petition was filed on June 27, 2012–two and one half years after the statute of limitations expired. Moreover, Judge Blewitt found that petitioner's PCRA petition, which was filed on February 9, 2011, does not toll the limitations period because he filed that petition outside of the one-year limitations period prescribed under § 2244. (Id. at 9).

Petitioner agrees with Judge Blewitt's assessment that the instant petition was filed outside of the one year limitations period, but petitioner maintains that dismissal is not warranted and that his "claim relies exclusively on the applicability of Equitable Tolling . . . ." (See Objections at 6). Thus, the issue before the court is whether the doctrine of equitable tolling can rescue petitioner from the statute of limitations.

## B. Equitable Tolling

The United States Supreme Court held that a petitioner is entitled to equitable tolling of the AEDPA's statute of limitations only if he "shows '(1)

10

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The conjunctive standard described by the Supreme Court in Holland requires that the petitioner demonstrate both elements before the court can permit equitable tolling of the one-year limitations period.  Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (citing Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004)).

The Third Circuit Court of Appeals has held that the doctrine of equitable tolling "is appropriate when 'principles of equity would make the rigid application of a limitation period unfair.'" Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011) (quoting Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)).  "There are no bright lines in determining whether equitable tolling is warranted in a given case." Id. at 399.  Nevertheless, the Third Circuit has cautioned that "'courts must be sparing in their use of equitable tolling.'" Sistrunk, 674 F.3d at 190 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)).

Thus, to prevail in asserting the doctrine of equitable tolling, the petitioner must (1) act with due diligence and (2) be prevented from acting earlier by a rare and exceptional circumstance.  With respect to the first

element, the Third Circuit Court of Appeals has suggested that one month is a sufficient period of time for a petitioner to file a habeas corpus petition after that petitioner has realized that such a suit is necessary. See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003). On the other end of the spectrum, a delay of eleven months is an unreasonable time to wait to file a habeas corpus petition. See Walker v. Frank, 56 F. App'x 577, 582 n.5 (3d Cir. 2003).

With regard to the second element, the Third Circuit has held that "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." Pabon, 654 F.3d at 401. In Pabon, the Third Circuit followed the Second and Ninth Circuit Courts of Appeals in holding that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." Id.

In assessing the instant case, Judge Blewitt did not address whether petitioner pursued his rights diligently, rather, he focused on the whether petitioner was prevented from acting earlier by a rare and exceptional circumstance. Judge Blewitt assessed the record and could not find extraordinary circumstances in this case that prevented petitioner from filing a

timely petition.[6]  Specifically, Judge Blewitt found:

> Petitioner does not give any reasons for the delay in filing his Habeas Petition.  Nor does Petitioner show any reason for the delay or any extraordinary circumstances which prevented him from filing.  Petitioner's Habeas Petition was filed one thousand three hundred eleven (1311) non-tolled days after the statute of limitations began to run.  Petitioner has not shown any extraordinary circumstances which prevented him from timely filing his habeas petition.

(R&R at 13).

Petitioner lodges several objections to Judge Blewitt's Report and Recommendation, the thrust of which pertain to the merits of his habeas corpus petition.  The habeas corpus petition as well as petitioner's objections rest largely on the 2010 Pennsylvania Superior Court case of Commonwealth v. Gordon, 992 A.2d 204 (Pa. Super. Ct. 2010).  In Gordon, the defendant, William Henry Gordon, was convicted of violating 18 PA. CONS. STAT. ANN. § 4915 (West 2008) for failure to comply with Pennsylvania's Megan's Law registration requirements.  Id. at 205-206.  Gordon, a Delaware State sex offender, was subject to Pennsylvania's lifetime sex offender registration requirement, 42 PA. CONS. STAT. ANN. § 9795.1(b) (West 2008), and as a

_____

[6] Petitioner did not file a response to respondent's partial answer on the issue of the petition's timeliness.  Judge Blewitt, in addition to reviewing the petition for timeliness under the AEDPA,  examined the record for extraordinary circumstances that may justify the doctrine of equitable tolling. (R&R at 13-15).

result of his violation of this statute, he was sentenced to a mandatory

minimum term of imprisonment of three to six years.  Id.  Gordon appealed his

conviction.  Id. at 205.  The Superior Court vacated his sentence because a

literal reading of the statute under which he was convicted indicates that a

lifetime sex offender registrant who was convicted of a sexual offense in a

jurisdiction outside of Pennsylvania was not subject to penalty under § 4915.[7]

---

[7] Gordon was subject to Pennsylvania's lifetime registration requirement for sex offenders, which provided in pertinent part as follows:

> (b) LIFETIME REGISTRATION.—The following individuals shall be subject to lifetime registration:
>   (1) An individual with two or more convictions of any of the offenses set forth in subsection (a).
>   (2) Individuals convicted of any of the following offenses:
>     18 Pa.C.S. § 3121 (relating to rape).
>     18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).
>     18 Pa.C.S. § 3124.1 (relating to sexual assault).
>     18 Pa.C.S. § 3125 (relating to aggravated indecent assault).
>     18 Pa.C.S. § 4302 (relating to incest) when the victim is under 12 years of age.
>   (3) Sexually violent predators.
>   (4) Individuals currently residing in this Commonwealth who have been convicted of offenses similar to the crimes cited in paragraph (2) under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or under a former law of this Commonwealth.

42 PA. CONS. STAT. ANN. § 9795.1 (West 2008).  The statute making it a crime to fail to comply with Pennsylvania's registration requirements provided that a penalty will be imposed on "[a]n individual who is subject to registration under 42 Pa.C.S. § 9795.1(a) (relating to registration) or an individual who is subject to registration under 42 Pa.C.S. § 9795.1(b)(1), (2) or (3) . . . ."  18 PA. CONS. STAT. ANN. § 4915 (West 2008).

14

Id. at 206. In other words, the Pennsylvania Superior Court recognized a paradox in the law at that time that can only be described as a drafting error: all ten year registrants were subject to penalty under § 4915 if they failed to register, while lifetime registrants based on a crime committed in another state were not subject to penalty if they failed to register. Id. (citing 18 PA. CONS. STAT. ANN. § 4915(a) (West 2008); 42 PA. CONS. STAT. ANN. § 9795.1(a), (b) (West 2008)). Even though the trial court overlooked the Legislature's drafting error, the Superior Court held that it must strictly construe the statute and vacate Gordon's sentence.[8]

Petitioner, like the defendant in Gordon, was convicted of violating 18 PA. CONS. STAT. ANN. § 4915(a) (West 2008) for failing to register as a sex offender pursuant to 42 PA. CONS. STAT. ANN. § 9795.1 (West 2008) when he moved within Pennsylvania.[9] In his objections, petitioner asserts that he was sentenced to three to six years imprisonment despite the fact that lifetime registrants under § 9795.1(b)(4) were not subject to penalty under § 4915.

---

[8] The court notes that the Pennsylvania Legislature amended § 4915(a) in 2011 to correct the drafting error that exempted lifetime registrants from punishment for failing to register. See 2011 Pa. Laws 111, § 1.

[9] For the purposes of this habeas corpus petition, the court will accept as true petitioner's assertion that he is a lifetime registrant under § 9795.1(b)(4). (See Objections at 12-13). Whether petitioner is a ten-year or lifetime registrant is ultimately irrelevant as his § 2254 petition is untimely under the AEDPA.

Petitioner contends that his statutorily unauthorized sentence violates his federally guaranteed rights, and that this constitutes the type of extraordinary circumstances needed to equitably toll the statute of limitations. Moreover, petitioner asserts that it would have been impossible for him to bring his claims earlier because the Commonwealth and its courts were not "properly informed" of the state of the law until the 2010 Gordon Superior Court decision. (Objections at 7).

The court is not persuaded by petitioner's primary objection to the Report and Recommendation. Petitioner, as a matter of logic, cannot point to the merits of his habeas corpus petition, in which he asserts that his continued detention violates federal law, to establish the extraordinary circumstances that warrant equitable tolling. Section 2254 motions are, by definition, brought by those state prisoners held "in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2254(a). If the court were to employ the doctrine of equitable tolling whenever a prisoner presents a superficially convincing argument on the merits, then the court would render meaningless Congress' intent in impressing a one-year statute of limitation. Additionally, if the court were to apply equitable tolling in every case in which the prisoner asserted he is being held in violation of the law, then the court would also neglect the instructions of the Third Circuit Court of

Appeals to apply the doctrine of equitable tolling sparingly.

Moreover, even if the court were to accept petitioner's argument that the merits of his case present an exceptional circumstance, nothing prevented petitioner from filing a timely habeas corpus petition. Petitioner claims that he could not file a timely habeas corpus petition because he did not learn of the error in the law until the <u>Gordon</u> case. This argument is wholly unconvincing because petitioner could have read the applicable statutory language when he pled guilty in 2008 and raised the drafting error excluding him from punishment at that time. He did not raise this issue when before the trial court. Petitioner did not file a timely habeas corpus petition calling this alleged issue into question. Nor does petitioner assert that he was somehow provided a fraudulent version of the statute and tricked into believing that lifetime registrants under § 9795.1(b)(4) were subject to penalty under § 4915(a)–he simply did not understand that § 4915(a) contained a drafting error until he read a synopsis of <u>Gordon</u>.

This court is not alone in denying the application of the doctrine of equitable tolling when the petitioner's extraordinary impediment to filing a timely habeas corpus claim is the petitioner's own ignorance of the likelihood of success. <u>See</u> <u>E.J.R.E. v. United States</u>, 453 F.3d 1094, 1098 (8th Cir. 2006) ("The mere fact that our ruling in <u>J.W.T.</u> made it more likely that

[petitioners'] collateral attack would be successful does not change the reality that [petitioners] were free, at any time, to file their § 2255 petitions . . . ."); Capers v. Walsh, No. 12-4780, 2012 WL 5389513, at *4 (E.D. Pa. Oct. 5, 2012) (finding that a change in the law making success in a § 2254 petition more likely does not excuse a prisoner's failure to file a timely petition). Accordingly, the court will overrule petitioner's objection on this point. Petitioner's reliance on Gordon does not present an extraordinary obstacle to petitioner's timely filing of a habeas corpus petition; rather, it merely illustrates that petitioner was ignorant of his likelihood of success had he filed a timely appeal to his conviction.

Petitioner also cites a number of additional factors that he attributes to the delay in filing his federal habeas corpus petition. For instance, petitioner cites the condition of the prison library at SCI-Waymart in 2010 and 2011, the poor performance of his PCRA counsel in 2011, the allegedly fraudulent actions of the Commonwealth's attorney in 2011, and delays caused by the PCRA court and the Superior Court in 2011. These additional factors fail to demonstrate an extraordinary circumstances that blocked petitioner from filing a timely habeas corpus petition. Every additional factor petitioner raises occurred after November 24, 2009, the date on which the statute of limitations to file a § 2254 petition expired. Thus, the incidents petitioner cites could not

have influenced his ability to file a collateral attack of his sentence within the year after the judgment against him became final.

**Conclusion**

For the reasons stated above, the court finds that petitioner's objections fail to demonstrate that he was subject to extraordinary circumstances that prevented the timely filing of his habeas corpus petition. As such, the doctrine of equitable tolling does not apply. The court will overrule petitioner's objections and adopt Judge Blewitt's Report and Recommendation. The instant habeas corpus petition will be dismissed as untimely. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR JOE NEFF, | : | No. 3:12cv1752 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
| THE DAUPHIN COUNTY | : | |
| COMMON PLEAS COURT, et al. | : | |
| and DAUPHIN COUNTY | : | |
| DISTRICT ATTORNEY'S | : | |
| OFFICE, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>ORDER</u>

**AND NOW**, to wit, on this 12th day of April 2013, it is hereby **ORDERD** as follows:

1. Petitioner Victor Joe Neff's Objections (Doc. 18) to the Report and Recommendation are **OVERRULED**,

2. Magistrate Judge Blewitt's Report and Recommendation (Doc. 17) is **ADOPTED**,

3. Petitioner Victor Joe Neff's Petition under 28 U.S.C. § 2254 for writ of habeas corpus (Doc. 1) is **DISMISSED**,

4. The Clerk of Court is directed to **CLOSE** this case,

5. Based upon the reasoning in the accompanying memorandum, we

20

decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)

and 3d Cir. LAR. 22.

**BY THE COURT:**

 **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**
